UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-123-KSF

JOHNNY RAY COMBS                                                                                          PLAINTIFF

v.                                         **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Johnny Ray Combs, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI") based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.     OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2)     If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from

1

> a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4)  If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.
>
> (5)  Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In

reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.     THE ADMINISTRATIVE DECISION

In this case, the ALJ conducted a hearing on July 6, 2006, and issued his opinion denying Combs' application for SSI benefits on January 2, 2007. [TR 299, 11]  At the time of the ALJ's decision, Combs was 44 years old.  Combs previously received supplemental security income for over twenty years, although benefits were recently terminated.  He refiled for supplemental security income on February 23, 2005, alleging an onset date of November 7, 1985. [TR 40]  He has no previous substantial gainful employment, although he does have a general equivalency degree. [TR 306]  Combs claims that he is disabled due to nerves, a learning disability, ulcers, and gastrointestinal problems. [TR 52]

The ALJ began his analysis at step one by determining that Combs has not engaged in any substantial gainful activity since his alleged onset date of November 7, 1985. [TR 13]  At step two, the ALJ found that Combs suffers from asthma, anxiety/depression and gastroesophageal reflux; however, the ALJ determined that these impairments or combination of impairments do not significantly limit his ability to perform basic work-related activities and, as a result, held that Combs does not have a severe impairment or combination of impairments. [TR 13-14]  In reaching his decision, the ALJ noted that in order for any impairment to be "severe," it must significantly limit

an individual's ability to perform basic work activities. The regulations define "basic work activities" as "the abilities and aptitudes to do most jobs." 20 C.F.R. § 416.921(b)(2007). Examples of basic work activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of judgment;
>
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
> (6) Dealing with changes in a routine work setting.

*Id*.

The ALJ found that although Combs' medically determinable impairments could reasonably be expected to produce the alleged symptoms, Comb's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible based on the objective medical evidence and other evidence. For example, the ALJ determined that Combs can feed, bathe and dress himself without assistance, has demonstrated the ability to do simple, unskilled work, and can drive, shop, visit family, watch television (and follow the plots). [TR 14] These activities contradict the opinion of Dr. P. D. Patel, the one-time neurological/psychiatric consultative physician who examined Combs once in July 2006. Dr. Patel opined that Combs suffered from multiple mental and physical impairments, including major depressive disorder, recurrent type, had borderline intellectual functioning versus mild mental retardation and developmental learning disorder, and that he had a current global assessment of functioning score of 40. As a result, Dr. Patel opined that

4

Combs "would not be able to be employed into any gainful employment." [TR 287-98] The ALJ rejected Dr. Patel's opinion because it was inconsistent with Dr. Patel's own narrative report, "the record as a whole, and represents a conclusion reserved to the Commissioner."

As a result, at step two of the analysis, the ALJ determined that Combs does not have a severe impairment or combination of impairments, and thus is not disabled. The ALJ's decision that Combs is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied his request for review on March 29, 2007. This case is now ripe for review under 42 U.S.C. § 405(g), 1383(c)(3).

### III.    ANALYSIS

On appeal, Combs argues that the ALJ's determination was not based on substantial evidence for two reasons. First, Combs contends that the ALJ failed to properly evaluate his testimony relating to his pain, symptoms, and limitations. When evaluating subjective allegations of pain, the Sixth Circuit has held that the claimant must show the following:

> evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

*Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986). A claimant's subjective statements about symptoms alone will not establish disability. *See* 20 C.F.R. § 416.929(a)(2007). Rather, medical signs and laboratory findings must be present that show a medical impairment(s) that could reasonably be expected to produce the symptoms alleged. The intensity, persistence and limiting effects of the symptoms will be evaluated based on all the evidence. 20 C.F.R. § 416.929(c)(2007).

Although Combs' application for disability does not specifically mention pain, he does complain of breathing problems and now argues that the ALJ failed to properly evaluate his alleged pulmonary impairment. Combs has been treated for many years at the Asthma and Allergy Center; however, on his last visit on September 21, 2004, the record reveals that Combs was ". . . doing well with breathing" and ". . . doing well with allergy and asthma." [TR 115] When examined by Dr. Burns, a consultative physician, in September 2005, he was not wheezing and had no chest pain. [TR 254] Combs did report to Dr. Burns that he continued to smoke cigarettes. [TR 254] The record reveals that Combs' asthma is exacerbated by his smoking habit. [TR 225, 254, 276] The Sixth Circuit has held that whether or not a claimant smokes is relevant to assessing disability in cases involving pulmonary impairments. *Steiner v. Secretary of Health and Human Services*, 859 F.2d 1228, 1231 (6th Cir. 1987). Certainly, substantial evidence supports the ALJ's decision that Combs does not have a severe pulmonary impairment.

Combs also argues that the ALJ improperly evaluated his symptoms and limitations with respect to his mental condition. Reviewing the record, the ALJ determined that although Combs' medically determinable impairments could reasonably be expected to produce the alleged symptoms, his statements with respect to the intensity, persistence and limiting effects of the symptoms were not entirely credible. [TR 14] In reaching this decision, the ALJ first rejected the opinion of Dr. Patel, the one-time neurological/psychiatric consultant who assigned a Global Assessment of Functioning ("GAF")[1] score of 40 and opined that Combs suffers from multiple mental and physical

---

[1]The Global Assessment of Functioning score is the clinician's subjective rating, on a scale of 0 to 100, of an individual's overall psychological functioning. At the low end, GAF 0-10 indicates "[p]ersistent danger of severely hurting self or others (e.g., recurrent violence) or persistent inability to maintain minimal personal hygiene or serious suicidal act with clear expectation of death." DSM-IV-TR at 34. At the high end, GAF 91-100 indicates "[s]uperior

impairments and ". . . would not be able to be employed into any gainful employment." [TR 287-298]  A GAF score in the 40-50 range indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational or school functioning (e.g., no friends, unable to keep a job)."  However, on exam, Dr. Patel noted that Combs was alert and cooperative, with clear and coherent speech (although he cried during the interview). [TR 289]

Additionally, the ALJ noted that Dr. Patel's opinion was in stark contrast to the opinion of the psychological examiner, Mr. Baldwin, who opined that Combs was fully oriented with logical thoughts and intact memory, and had no more than slight mental symptoms. [TR 223-227]  The ALJ gave little weight to Dr. Patel's conclusion that Combs cannot work inasmuch as the ALJ is not bound by conclusory opinions of doctors since whether or not a claimant is disabled is a decision reserved solely for the Commissioner.  20 C.F.R. 416.927(e)(2007); *see Buxton v. Halter*, 246 F.3d 762, 773-775 (6th Cir. 2001).

Finally, in rejecting Combs' subjective complaints, the ALJ considered the fact that Combs is able to drive, grocery shop and do light housework. [TR 15, 60-61, 64-65] Combs also planned an extended trip to the Philippines with family member(s) in September 2004. [TR 115] The daily activities of the claimant are a proper factor for the ALJ to consider in making a decision on credibility.  20 C.F.R. § 929(c)(3); *see Walters v. Commissioner*, 127 F.3d 525, 532 (6th Cir. 1997)(the ALJ can "consider household and social activities engaged in by the claimant in evaluating

---

functioning in a wide range of activities, life's problems never seem to get out of hand, is sought out by others because of his or her many positive qualities.  No symptoms."  A GAF score may help an ALJ assess mental residual functioning capacity, "but it is not raw medical data." *Kornecky v. Commissioner*, 167 Fed.Appx. 496 (6th Cir. 2006).

a claimant's assertion of pain or ailments"). The ALJ's opinion reflects the fact that Combs' subjective complaints of disabling impairments were thoroughly considered, but rejected based on the record as a whole.

Next, Combs argues that the ALJ failed to give appropriate weight to the opinion of his treating physicians at Kentucky River Community Care ("KRCC"). Generally, the ALJ should give controlling weight to a disability opinion by a treating physician if it is well-supported by clinical and laboratory findings and is consistent with other evidence. The ALJ may consider the length and nature of the treating relationship, the supportability of the opinion, consistency, specialization, and any other factors that may be appropriate. *See* 20 C.F.R. § 416.927(d)(2)(2007). The supportability of the opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. § 416.927(d)(3)(2007); *see also Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711-712 (6th Cir. 1988). The Sixth Circuit has held that a treating physician's opinion may be "undercut, to a degree, by the absence of underlying objective findings or corroborative clinical evidence." *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 479 (6th Cir. 1988).

Combs was treated at KRCC from June 2005 through June 2006 for depression. [TR228] During this period, Combs was assigned a GAF score of 45 by Dr. Afaq. However, Dr. Afaq described Combs' depressive disorder as "moderate," without psychotic features, and indicated that he had only "[m]oderate psychosocial stressors." [TR 271] Nothing in the record from KRCC conforms to the serious symptoms required to assign a GAF score of 45. Furthermore, nothing else in the entire record, other than Dr. Patel's one-time consultative opinion, suggests that Combs is disabled. On the other hand, Mr. Baldwin, the examining psychologist, diagnosed no mental

impairments and assigned a GAF score of 80-85, indicating no more than a slight impairment in social or occupational functioning. [TR 15-16, 227] Moreover, Combs' activities of daily living suggest a must higher level of functioning.  Certainly, there is substantial evidence in the record to support the ALJ's decision to rely on Mr. Baldwin's opinion that Combs does not have a severe mental impairment that significantly limits his ability to perform basic work activities.

IV.     **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby ORDERS that the decision of the Commissioner is AFFIRMED as it was supported by substantial evidence.

This October 5, 2007.



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**